J-S62006-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWON BROOKS | : | |
| | : | |
| Appellant | : | No. 1443 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 5, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013778-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTWON BROOKS | : | |
| | : | |
| Appellant | : | No. 1444 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 5, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013083-2014

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:              FILED JANUARY 24, 2020

In these consolidated appeals, Antwon Brooks appeals from the judgment of sentence imposed following the revocation of his probation. Brooks does not contest the revocation of his probation. He claims only that the court abused its discretion in imposing sentence. We affirm.

On April 27, 2015, Brooks entered a guilty plea at each of the above cases to one count of possession with intent to deliver ("PWID") heroin. The court sentenced him at each case to concurrent sentences of eight to sixteen months' of imprisonment in county jail to be followed by four years' probation.

A year later, while out on probation, Brooks pled guilty to PWID heroin. On April 13, 2016, following a probation violation hearing, the sentencing court sentenced Brooks at both underlying cases to concurrent sentences of six months and twenty-one days' incarceration in county jail to be followed by four years' probation.

On June 16, 2017, Brooks was arrested again and pled guilty to PWID marijuana. He was again found to be in violation of his probation and on September 5, 2018, he was resentenced at both cases to concurrent sentences of two to five years' incarceration in state prison. No probation was imposed. Brooks filed a motion to modify sentence, arguing for a reduction in sentence. The trial court denied the motion. This timely appeal followed.

On appeal, Brooks contends the court abused its discretion in imposing sentence. Specifically, Brooks claims his sentence was excessive and unreasonable because the court failed to consider his rehabilitative needs, his nature and characteristics, including the fact that he was a non-violent offender, father of two preteen children, had no disciplinary infractions while in custody, and was employed while in custody. See Appellant's Brief, at 16. He further claims a sentence of total confinement in state prison is

unreasonable since he could have benefited from treatment; the sentence was disproportionate to the violations he committed; and the court focused solely on his mistakes, and did not consider the sincerity of his remorse. Id., at 17.

Brooks concedes this claim challenges the discretionary aspects of his sentence. See Appellant's Brief, at 14. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." Commonwealth v. McAfee, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Brooks fulfilled the first two requirements by filing a timely post-sentence motion to modify sentence and a timely appeal. However, due to the disparity between the claims in his post-sentence motion and his appellate brief, we must determine which of the challenges to the discretionary aspects of his sentence have been preserved for our review.

A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion to modify. See id. Brooks did not object to any aspects of his sentence at the probation revocation hearing. Thus, to preserve his challenges to the discretionary aspects of his sentence, he was required to note specific challenges to the revocation court's discretion in his post-sentence motion.

Brooks filed a motion to modify sentence in which he argued for a reduction in sentence due to his non-violent conviction history, the fact that he is a father to two young daughters whose lives he is involved in, and the fact that he was permitted to work while in custody and received no disciplinary infractions. See Motion to Modify Sentence, 9/17/2018, at ¶ 5-6. However, in his Rule 2119(f) statement, in addition to these arguments, he includes multiple assertions that the trial court did not consider his rehabilitative needs. See Appellant's Brief, at 14, 16-17. Because Brooks failed to raise a challenge to the court's consideration of his rehabilitative needs in his post-sentence motion, he has waived this specific challenge to the discretionary aspects of his sentence. See Moury, 992 A.2d at 170.

Addressing the next factor in the four-factor test, we find that Brooks' appellate brief contains the requisite Rule 2119(f) concise statement. We must now determine whether Brooks' remaining challenge to the discretionary aspects of his sentence raises a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. See Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." Id. (citation and emphasis omitted); see also Pa.R.A.P. 2119(f).

Brooks "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." McAfee, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." Tirado, 870 A.2d at 365.

In Brooks' Rule 2119(f) statement, he claims the court failed to consider his nature and characteristics, including the fact that he was a non-violent offender, father of two preteen children, had no disciplinary infractions while in custody, and was employed while in custody. He further claims the sentence was disproportionate to the violations he committed and that the court focused solely on his mistakes, and did not take into consideration the sincerity of his remorse. As this claim raises a substantial question, we proceed to examine the merits of Brooks' sentencing challenge. See Commonwealth v. Vega, 850 A.2d 1277, 1280-1281 (Pa. Super. 2004) (finding claim that sentence is

excessive and disproportionate to the crime, particularly in light of facts surrounding appellants' background, raises a substantial question for review).

The sentence at issue was imposed after the trial court revoked Brooks's probation.

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

Commonwealth v. Simmons, 56 A.3d 1280, 1283-1284 (Pa. Super. 2012) (citation omitted).

"Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). And the revocation court may impose a sentence of total confinement upon revocation if "the defendant has been convicted of another crime[.]" Id., at (c)(1). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." Commonwealth v. Infante, 63 A.3d 358, 365 (Pa. Super. 2013) (citation omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation … the court shall make as a part of the record, and disclose in open court at the time of sentencing a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the

defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

Commonwealth v. Colon, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citations and quotation marks omitted).

Here, the court placed the following reasons for imposing sentence on the record at the revocation hearing:

> Let me tell you my thinking goes like this. Here is a description that you don't dispute on June 16, 2017, a Munhall Borough Police Department detective was given a cell phone number by [a] cooperating individual, and consent was given to the police to examine the cell phone. [A] Message was from you allegedly saying you had a pound of mid grade marijuana. You were in possession of two -- possession of a large Ziplock baggie containing marijuana. That occurred June 16, 2017. You were on probation at that time for two felony possessions with intent to deliver heroin. That sentence was issued on April 27, 2015 with a four-year probation. When did the probation start? Excuse me. The probation was revoked in April of 2016. You were given six months, 21 days credit and placed on probation again.
>
> So it wasn't long after you got the new probation sentence, a year, a little over a year that you were selling the marijuana.
>
> See, in order for you to sell marijuana, you have to go find a way to buy it at a wholesale price so you can sell it for retail so you can make a profit. For a police officer to be able to do what he did in this case, that means that there's a person who's been buying from you who identifies you. So that's where he was able to get consent to look at the cell phone and see these text messages. So it wasn't like this was the first time you sold marijuana. Can't be. Doesn't work out that way.
>
> So you decide to go in the marijuana sales business, felonious conduct, while on probation for the heroin sales business. Granted, the nature of the drug is, by everybody's

estimation, less dangerous than heroin, but it's still felony drug dealing. No other way around it. I can't condone it, Mr. Brooks.

It's a shame. You are a guy who speaks well I think I've told you in the past I think that you have a great talent to speak. You continue to want to commit felonies and sell illegal substances in the community. It can't keep happening. It can't.

Defendant sentenced at the felony heroin count to a period of incarceration of not less than two nor more than five years in the state system. Give him credit for all the time he has. He is not RRRI eligible based on the previous convictions.

N.T., Probation Violation Hearing, 9/5/2018, at 8-10. Further, after imposing sentence, the court added,

Sorry to do it, Mr. Brooks. Just have to. It's not a happy time for me as a member of our community to sentence you, another member of our community who has abilities and talents to go live in a cage for a while because you won't use your talents legally, and that's the way it is.

Id., at 11.

Finally, the court had the benefit of a presentence investigation report ("PSI"). The law therefore presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. See Commonwealth v. Hallock, 603 A.2d 612, 616 (Pa. Super. 1992) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.") See also Tirado, 870 A.2d at 368 (finding that where the sentencing court has a PSI, "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors").

Based upon our independent review of the record, the revocation court's findings set forth above and consideration of a PSI, and our scope and standard of review, we conclude that the revocation court did not abuse its discretion in sentencing Brooks to two to five years' imprisonment following the revocation of his probation. The court clearly considered the facts surrounding Brooks' violations, as well as the evidence presented as to his character. Based upon its consideration of these factors, the court concluded that Brooks had not been amendable to probation and consequently gave Brooks a sentence of imprisonment where he could be supervised. We discern no abuse of the court's discretion in imposing this sentence. We therefore affirm.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/24/2020